IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH JAMES ALEXANDER,

    Petitioner,

v.                                             Case No. 3:22cv23874/LAC/MAL

M V JOSEPH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Kenneth James Alexander, a former inmate at the Federal Prison Camp in Pensacola, Florida initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner claims the Bureau of Prisons should be required to apply his First Step Act ("FSA") credits towards his post-incarceration supervision. *Id.* at 7. After careful consideration of the Government's response in opposition, the record, and the relevant law, I recommend the § 2241 petition be denied.

I.    BACKGROUND

In August of 2019, Alexander was sentenced to a total term of 54 months' imprisonment and three years of supervised release after pleading guilty in N.D. Fla. Case 4:18cr36/MW to aiding and assisting in the preparation of a false and fraudulent return, aiding and abetting theft of Government funds, and aggravated

identify theft. His appeal was dismissed for want of prosecution. Case 4:18cr36/MW, ECF No. 57. On January 10, 2022, the district court granted Alexander's renewed motion for compassionate release and reduced his sentence to time served. Case 4:18cr36/MW, ECF No. 66. He remains on supervised release.

In July of 2021, while Alexander was still in custody at the Federal Prison Camp in Pensacola, he filed a petition under 28 U.S.C. § 2241 in N.D. Fla. Case 3:21cv920/MCR/ZCB. He presented the following claims:

> GROUND ONE: The manner in which the BOP is implementing the 85% rule is changing the nature of the policy into something that is earned on an annual basis instead of something you are given at sentencing and have to lose based upon your behavior in prison.
>
> Supporting Facts: When you are sentenced in court you are told that you must complete 85% of your sentence to be considered to have served your full sentence. The 15% is something given that you must lose; not something you must earn on an annual basis. The manner that the BOP's policy is implementing that 15% is changing the given time into something that you have to earn annually.
>
> GROUND TWO: First Step Act work earned time credits.
>
> Supporting Facts: The BOP has taken the position that they don't have to apply First Step Act work earned credits until 1/15/22, but recent court cases has [sic] established this as a misinterpretation. Moreover, the courts have made it clear that these work time credits must be applied instantly and that the 1/15/22 date is not the date that the BOP has until [sic] to get started applying the credits.

Case 3:21cv920/MCR/ZCB, ECF No. 1 at 6–7. As relief, Alexander sought an order requiring the BOP to apply Good Conduct Time (GCT) credits equal to 15% of his

4.5-year sentence (i.e., 243 days) and an order requiring the BOP to apply Earned Time Credits (ETCs). *Id.* at 8. The court dismissed the petition without prejudice because Alexander had not exhausted his administrative remedies before filing his petition. Case 3:21cv920/MCR/ZCB, ECF Nos. 20, 27.[1] He did not appeal.

## II. DISCUSSION

In the instant petition, dated November 30, 2022, Alexander seeks to compel the BOP to use his accumulated FSA earned time credits to offset his post-incarceration supervision. ECF No. 1 at 6, 8. He also identifies the dismissal of his previous habeas case as the "decision or action" he is challenging. *Id.* at 2. As to the latter issue, a second habeas action is not the proper vehicle to challenge an unfavorable ruling in a prior case. Rather, he must have filed a notice of appeal within 60 days after entry of the final judgment. Fed. R. App. P. 4(a). As to the former issue, for the reasons discussed herein, Alexander is not entitled to relief.[2]

The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). This is because "[s]upervised release fulfills

---

[1] The magistrate judge entered the report and recommendation on January 31, 2022, shortly after Alexander's release.

[2] Alexander did not file a reply to the response, despite having been afforded additional time in which to do so after he moved for summary judgment claiming he did not receive the response. *See* ECF Nos.12, 13.

rehabilitative ends, distinct from those served by incarceration." *Id.* at 59; *see also Goldblatt v. Ortiz,* Case 20-19987, 2022 WL 1639007, at *2 (D. N.J. May 24, 2022) (applying *Johnson* to the § 2241 context and finding "the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time."); *Harrison v. Federal Bureau of Prisons*, Case 22-14312, 2022 WL 17093441 (S.D. Fla. 2022) (same); *Burkey v. Marberry*, 556 F. 3d 142, 149 (3d Cir. 2009) (the *sentencing court* may use its discretion to modify the length of a defendant's term of supervised release under 18 U.S.C. § 3583(e) so long as "the reason for doing so is not to offset excess prison time." (citing *Johnson*) (emphasis added)); *cf. Dyer v. Fulgam*, Case 1:21cv299-CLC-CHS, 2022 WL 1598249 (E.D. Tenn. May 20, 2022) (reaching opposite conclusion) (*appeal pending*). It is error to consider time in prison as interchangeable with a period of supervised release. *Johnson*, 529 U.S. at 60.

Title 18 U.S.C. § 3624, governing prisoner release, provides in pertinent part:

> **(3) Supervised release**.--If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

18 U.S.C. § 3624(g)(3). As recognized by the courts in *Harrison* and *Goldblatt,* this statute does not provide for shortening a term of supervised release based on FSA credits or for any other reason an inmate might have served "excess" time in prison. *See Johnson*, 529 U.S. at 60. Therefore, there is no authority for granting the relief sought, and Alexander's petition should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. Alexander's petition under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 12, 2023.

                                       s/ *Midori A. Lowry*
                                       Midori A. Lowry
                                       United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.